Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** <br> (For Offenses Committed On or After November 1, 1987) |
| -vs- | Case Number  CR  05-60053-HO-2 |
| **GABRIEL DOYLE LASKEY** | U.S. Marshal No.  69001-065 |
| | Lynn Shepard <br> Defendant's Attorney |

The defendant pleaded guilty to Count 1 and 2 of the Second Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 USC 241 | Conspiracy Against Rights of Citizens | On or about October 2002 | 1 |
| 18 USC 247(c) | Damage to Religious Property | On or about October 25, 2002 | 2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 1 of the Superseding Indictment is dismissed on the motion of the United States.

Defendant shall pay a special assessment in the amount of $200 for Counts 1 and 2 of the Second Superseding Indictment payable immediately to the Clerk of the US District Court, 405 East Eighth Avenue, Suite 2100, Eugene, OR  97401.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
November 13, 2007

MICHAEL R. HOGAN
UNITED STATES DISTRICT JUDGE

Dated this ___ day of November, 2007

# PROBATION

The defendant is hereby placed on probation for a term of **five (5) years**.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the Standard Conditions of Probation that have been adopted by this court as set forth below. The defendant shall also comply with the additional Special Conditions of Probation set forth below.

# STANDARD CONDITIONS OF PROBATION

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing and future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.
2. The defendant shall not commit another federal, state or local crime and shall not illegally posses a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3. The defendant shall not possess a firearm, destructive, or dangerous device.
4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalyses testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
6. The defendant shall not leave the judicial district without the permission of the court or probation officer.
7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9. The defendant shall support his/her dependents and meet other family responsibilities to the best of his/her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer **within 72 hours** of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, even as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of arms, neck, face and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.

Judgment in a Criminal Case
Sheet 3
_____
LASKEY, GABRIEL DOYLE                                                                                              3 of 5
CR 05-60053-HO-2

14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or a special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

### SPECIAL CONDITIONS OF PROBATION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

2. The defendant shall pay full restitution in the amount of $896.64 joint and several with Jesse Baker, Jacob Laskey, Gerald Poundstone, and Jereomy Baker. If the defendant cannot pay full restitution at this time, he shall pay the maximum installment possible, and not less than $75 per month.

3. The defendant shall maintain full time schooling or employment.

4. The defendant shall not possess or consume alcohol or enter an establishment where alcohol is the primary item for sale.

5. The defendant shall have not contact with individuals, groups, or organizations that promote white supremacist ideology.

6. The defendant shall not possess any materials or items that promotes the white supremacist ideology.

7. The defendant shall reside in and participate in the program of a residential re-entry center for no more than 180 days, to be released at the direction of the probation officer.

8. The defendant shall adhere to a home detention schedule as prescribed by the probation officer for a period of 6 months, which may include electronic monitoring, global positioning surveillance, or other means of monitoring as directed by the probation officer. The defendant's employer or other third parties may be contacted at the probation officer's discretion to confirm the defendant's compliance with the home detention program. The defendant shall pay all or part of the costs of home confinement as determined by the probation officer, and may be held responsible for any damage to the monitoring equipment.

LASKEY, GABRIEL DOYLE
CR 05-60053-HO-2

4 of 5

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Fine | Restitution | TOTAL |
|---|---|---|
| $0 | $896.64 | $896.64 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Temple Beth Israel<br>42 West 25th<br>Eugene, OR 97405 | $896.64 | $896.64 | |
| **TOTALS** | **$896.64** | **$896.64** | |

The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:

    The interest requirement is waived for the $896.64 restitution.

Any payment shall be divided proportionately among the payees named unless otherwise specified.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS - Supervised Release

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

> The defendant shall pay full restitution to victims identified in presentence report in the amount of $896.64. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $75 per month. Interest in the restitution amount is waived.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court at the address below, unless otherwise directed by the court, the probation officer, or the United States attorney.

**Clerk of the US District Court**
**405 E. 8th Avenue**
**Suite 2100**
**Eugene, OR 97401**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Jacob Laskey, Gerald Poundstone, Jessie Baker and Jereomy Baker in case 05-60053-HO in the amount of $896.64.